DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Marlene and Kenneth Jackson (the "Jacksons"), appeal from the order of the Lorain County Court of Common Pleas, Juvenile Division, which granted the motion to dismiss the Jacksons' motion for visitation rights of Appellee, Charles Hershberger ("Charles"). We affirm.
 I. {¶ 2} E.H. was born on September 16, 1989, to Charles and Shelliane Hershberger, who were married at the time. On October 29, 1992, Lorain County Children Services ("LCCS") filed a complaint for temporary custody of E.H., based upon allegations of child neglect, domestic violence, and chemical dependency of both parents. At that time, E.H. resided with her great aunt and uncle, the Jacksons.
 {¶ 3} On November 30, 1992, E.H. was adjudicated a dependent child, and was subsequently placed in the temporary custody of LCCS. On August 5, 1993, the court terminated LCCS's temporary custody of E.H., and granted legal custody of E.H. to the Jacksons, with whom E.H. continuously resided until November 2002.
 {¶ 4} Meanwhile, Charles obtained a divorce from Shelliane in 1998. On January 27, 1998, Charles filed a motion for reallocation of parental rights and responsibilities as residential parent and legal custodian of E.H. By agreement of the parties and with approval of the guardian ad litem for E.H., the court ordered E.H. to reside with Charles on alternating weekends. On September 30, 1998, the trial court approved and adopted the shared parenting plan entered into by Charles and the Jacksons, by which both were designated residential parents of E.H.
 {¶ 5} On August 2, 2001, the Jacksons filed a motion to terminate the shared parenting plan and to modify visitation to give them more companionship time with E.H. The Jacksons asserted that Charles had not been complying with the shared parenting plan. Charles filed a similar motion, to terminate the parenting plan and designate him as the only residential parent of E.H. On October 26, 2001, Charles filed a motion to modify custody. Shelliane filed a motion for visitation.
 {¶ 6} A magistrate determined that the Jacksons' motion for modification of visitation should be denied. On November 14, 2002, the trial court terminated the custody of E.H. by the Jacksons, and designated Charles the residential parent and legal custodian. The trial court granted Shelliane's motion for visitation, and denied the Jacksons' motion for modification of visitation as moot.
 {¶ 7} On April 2, 2004, the Jacksons filed a motion for visitation with E.H., asserting that visitation is in the best interest of E.H. Charles filed a motion to dismiss the motion for visitation pursuant to Civ.R. 12, asserting that the trial court does not have statutory authority to grant visitation to the Jacksons, and that he has a fundamental right as her natural parent to raise E.H. as he sees fit. The Jacksons filed a motion to summarily dismiss Charles' motion to dismiss as being untimely and unwarranted.
 {¶ 8} On September 20, 2004, the trial court issued a journal entry by which it granted Charles' motion to dismiss and dismissed the Jacksons' motion for visitation. The court explained that Ohio's non-parent visitation statutes "provide mechanisms for non-parents to obtain companionship rights with minor children. Each section sets forth certain triggering events and/or conditions that must first occur in order for the non-parent to prevail." The court determined that the statute sections did not apply to the Jacksons because of the facts of this particular case. It is from this entry that the Jacksons now appeal.
 {¶ 9} The Jacksons timely appealed, asserting one assignment of error for review.
 II. Assignment of Error
"The trial court abused its discretion in denying visitation rights to previous custodians based upon the premise of the prior dependency filing and proceedings and as such the court utilized an incorrect view of the statutory scheme in the denial of appellant's visitation rights."
 {¶ 10} In their sole assignment or error, the Jacksons contend that the trial court abused its discretion in dismissing their motion for visitation rights, essentially asserting that the trial court misinterpreted and misapplied the statutes governing visitation. The Jacksons also argue that their motion for visitation should be construed as one seeking visitation pursuant to Charles and Shelliane's divorce, and that therefore, R.C. 3109.051(B)(1) applies. We disagree.
 {¶ 11} The scope of Ohio juvenile courts' authority is limited to that granted to them by the legislature. In re Gibson (1991), 61 Ohio St.3d 168,172; Section 4(B), Article IV, Ohio Constitution. The Ohio Supreme Court has explicitly acknowledged that visitation and custody are distinct legal concepts, and that a juvenile court cannot entertain a request for non-parental visitation pursuant to its jurisdiction over child custody matters. Gibson, 61 Ohio St.3d at syllabus. See R.C. 2151.23(A)(2) 
(F)(1). Additionally, we observe that R.C. Chapter 3109 governs domestic relations matters, which are within the province of domestic relations courts. See, generally, Hockstok v. Hockstok, 98 Ohio St.3d 238,2002-Ohio-7208, at ¶ 14.
 {¶ 12} In this case, the trial court explained that the Ohio Revised Code contains three separate subsections that govern non-parent companionship and visitation rights with minor children. First, R.C.3109.11 provides that relatives of a deceased father or mother of the minor child may file a complaint requesting companionship or visitation. Second, R.C. 3109.12(A) provides that a relative may file a complaint for such rights if the minor child was born to an unmarried woman. Third, R.C. 3109.051(B)(1) provides that the court may grant such rights to any person related to the minor child "[i]n a divorce, dissolution of marriage, legal separation, annulment, or child support proceeding that involves a child." The court properly concluded, that, because (1) neither Shelliane nor Charles were deceased, (2) Shelliane was married at the time E.H. was born, and (3) the Jacksons sought visitation rights in a dependency action commenced by LCCS in juvenile court, that none of these sections applied to provide a vehicle for the Jacksons to seek visitation rights with E.H.
 {¶ 13} Based upon the foregoing, we cannot find that the trial court erred in dismissing the Jacksons' motion for visitation rights. Accordingly, the Jacksons' sole assignment of error is overruled.
 III. {¶ 14} The Jacksons' sole assignment of error is overruled. The order of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Moore, J. concur.