OPINION
{¶ 1} Michael Puterbaugh appeals from the trial court's decision and entry granting appellees Karen and Louis Chase visitation with his minor child, C.C.
 {¶ 2} In his sole assignment of error, Puterbaugh contends the trial court erred in granting the Chases visitation because they are not related to C.C. and do not meet the *Page 2 
statutory requirements for non-parent visitation.
 {¶ 3} The record reflects that the trial court adjudicated C.C. dependent shortly after his birth in 2000 based on his father's absence and his mother's inability to care for him. The trial court awarded the Chases legal custody at that time, and the child remained in their care for approximately six years. In 2005, Puterbaugh established paternity and moved for custody of C.C. Following a two-day hearing, a magistrate filed an April 27, 2006 decision awarding Puterbaugh legal custody of C.C. and granting the Chases "every other weekend visitation in light of their long contact with the child[.]" The trial court later overruled objections by both parties and adopted the magistrate's decision.
 {¶ 4} On appeal, Puterbaugh contends the trial court lacked authority to grant the Chases visitation with C.C. He claims the trial court's decision is "contrary to R.C. § 3[1]09.051 and/or contrary to a dependency action." In support of his argument, Puterbaugh relies exclusively on In re E.H., Lorain App. No. 04CA008585, 2005-Ohio-1952. In that case, the trial court adjudicated three-year-old E. H. dependent and granted legal custody to the child's great aunt and uncle, Marlene and Kenneth Jackson. Several years later, the trial court granted legal custody to E.H.'s biological father. The trial court subsequently denied the Jacksons' motion for visitation, holding that they did not satisfy the criteria for non-parent visitation under R.C. Chapter 3109.
 {¶ 5} On appeal, the Ninth District agreed, observing that the Revised Code contained three subsections governing non-parent visitation with minor children. The first, R.C. § 3109.11, provided for visitation by relatives of a deceased parent of a minor child. The second, R.C. §3109.12(A), authorized visitation by a relative if the minor child *Page 3 
was born to an unmarried woman. The third, R.C. § 3109.051(B)(1), allowed for visitation by a relative "[i]n a divorce, dissolution of marriage, legal separation, annulment, or child support proceeding that involves a child." Because none of the foregoing subsections applied, the Ninth District concluded that the Jacksons had no right to visitation. Id. at Tf12. The Ninth District also cited In re Gibson
(1991), 61 Ohio St.3d 168, for the proposition that visitation and custody are distinct concepts and that a juvenile court cannot entertain a request for non-parent visitation pursuant to its jurisdiction over custody matters.
 {¶ 6} Upon review, we find Puterbaugh's reliance on In re E.H. to be unpersuasive. Although the Chases do not meet the criteria for non-parent visitation found in R.C. Chapter 3109 and discussed in In reE.H., our analysis does not end there. As the trial court recognized, the present case began as a dependency action. Granting the Chases visitation rights is not, as Puterbaugh argues, "contrary to * * * a dependency action." Revised Code § 2151.23(A)(1) vests the trial court with original jurisdiction over dependency complaints. Moreover, once C.C. was adjudicated dependent, R.C. § 2151.353(A) authorized the trial court to award legal custody to the Chases. Based on C.C.'s adjudication as a dependent child, R.C. § 2151.353(E)(1) and R.C. § 2151.417(B) also vested the trial court with continuing jurisdiction over him until he reaches age eighteen. Another provision, R.C. § 2151.417(A), addresses certain actions a juvenile court may take in the exercise of its continuing jurisdiction. In relevant part, it provides:
 {¶ 7} "(A) Any court that issues a dispositional order pursuant to section 2151.353 * * * may review at any time the child's placement or custody arrangement * * * *Page 4 
In conducting the review, the court shall determine the * * * appropriateness * * * of continuing the child's placement or custody arrangement, and whether any changes should be made with respect to the child's * * * placement or custody arrangement * * *. Based upon the evidence presented at a hearing held after notice to all parties and the guardian ad litem of the child, the court may require the agency, the parents, guardian, or custodian of the child, and the physical custodians of the child to take any reasonable action that the court determines is necessary and in the best interest of the child * * *."
 {¶ 8} In the present case, the trial court determined, after a hearing with proper notice, that it was in the best interest of C.C. to modify the custody arrangement by granting Puterbaugh legal custody and granting the Chases visitation every other weekend. Based on the foregoing statutory authority, the trial court had jurisdiction to modify the existing custody arrangement. As set forth above, R.C. §2151.417(A) also authorized the trial court to require Puterbaugh, as the new legal custodian, "to take any reasonable action" that was in C.C.'s best interest. This language (which the Ninth District did not address in In re E.H.) allowed the trial court to order visitation between C.C. and the Chases, notwithstanding the grant of legal custody to Puterbaugh. As noted above, R.C. § 2151.353(E)(1) and R.C. §2151.417(B) vested the trial court with continuing jurisdiction until C.C. reaches age eighteen, and "[a] juvenile court does not lose its authority to protect children merely because it has entered an order returning custody of children adjudged [dependent] to their parents."In Matter of Spaulding (April 16, 1993), Lucas App. No. L-92-180. In light of the Chases' six-year relationship with C.C, the trial court also acted well within its discretion in finding visitation to be in the child's best interest. In re Haywood, Montgomery App. No. 21276,2006-Ohio-576 *Page 5 
(approving visitation rights under R.C. § 2151.417(A) for a non-relative who had established a strong bond with a dependent child).
 {¶ 9} Finally, the Ohio Supreme Court's decision in In re Gibson is distinguishable. In that case, Paul Gilbert, the grandfather of juvenile Mark Gibson, filed a complaint seeking visitation with the boy. Gibson was not a dependent, abused, or neglected child, and he lived with both of his parents. Upon review, the Ohio Supreme Court held that the juvenile court lacked jurisdiction to entertain the request for visitation. Consistent with our analysis herein, the Gibson court noted that R.C. Chapter 3109 authorizes non-parent visitation following some "disruptive precipitating event" such as the death or divorce of a parent. Gibson, 61 Ohio St.3d at 170. Because no such event had occurred, the Ohio Supreme Court concluded that R.C. Chapter 3109 did not support the visitation request.
 {¶ 10} The Gibson court next rejected Gilbert's attempt to characterize his motion as one for "custody" brought under, inter alia, R.C. § 2151.23(A)(2), which gives the juvenile court jurisdiction "to determine the custody of any child not a ward of another court of this state[.]" The court observed that "`[visitation' and `custody' are related but distinct legal concepts" and that "[i]n asking for visitation only, Gilbert was not asking the juvenile court to determine or award him `custody.'" Id. at 171. Therefore, the Ohio Supreme Court held that "the complaint of a grandparent seeking visitation with a grandchild may not be determined by the juvenile court pursuant to its authority to determine the `custody' of children under R.C. § 2151.23(A)(2)."
 {¶ 11} Unlike Gibson, the present case did not originate as a complaint for visitation brought by a non-parent. Instead, it originated as a dependency action. The *Page 6 
trial court possessed original jurisdiction over the dependency action pursuant to R.C. § 2151.23(A)(1). The trial court also had continuing jurisdiction to transfer legal custody of C.C. from the Chases to Puterbaugh. R.C. § 2151.353(E)(1); R.C. § 2151.417(B). In connection with the change of custody, the trial court was authorized "to take any reasonable action that the court determine[d] [wa]s necessary and in the best interest of the child * * *." R.C. § 2151.417(A). Gibson involved none of these statutes and, therefore, does not control the outcome of this case.[1]
 {¶ 12} Based on the reasoning set forth above, we overrule Puterbaugh's sole assignment of error and affirm the judgment of the Montgomery County Common Pleas Court, Juvenile Division.
GRADY and WALTERS, JJ., concur.
(Hon. Sumner E. Walters, retired from the Third District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] Parenthetically, we note that the Gibson court expressly declined to address a "juvenile court's authority to order visitation when it is ruling on a complaint seeking a determination of custody."Gibson, 61 Ohio St.3d at 172 n. 3. The present case began with a dependency complaint that included a request for legal custody in favor of the Chases. Puterbaugh later moved for a change of custody, and the trial court granted the Chases visitation rights in connection with that motion. Therefore, the present case bears much more similarity to the situation the Ohio Supreme Court declined to address in Gibson than it does to the actual facts of that case. *Page 1