DECISION AND JUDGMENT ENTRY
{¶ 1} Hussnian Ahmad appeals his grand theft conviction and sentence after a bench trial in the Adams County Common Pleas Court. On appeal, Ahmad contends that insufficient evidence supports his conviction. Because, after viewing the evidence in a light most favorable to the State, we find that any rational trier of fact could have found the essential elements of the crime of grand theft proven beyond a reasonable doubt, we disagree. Ahmad next contends that his conviction is against the manifest weight of the evidence. Because substantial evidence supports his conviction of grand theft, we disagree. Finally, Ahmad contends that the trial court erred when it based his maximum sentence on facts neither found by a jury nor admitted by him. He further asserts that his sentence violates the Ex Post Facto and Due Process Clauses and that *Page 2 
we should overrule our prior decisions that find to the contrary. Because Ahmad and the State agreed on the prison sentence that the court imposed, we do not address this argument because R.C. 2953.08(D)(1) precludes appellate review. Accordingly, we overrule all of Ahmad's assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} Ahmad, the manager of the Country Nights Inn (hereinafter "Inn") in Adams County, had the authority to make bank deposits at West Union Bank (hereinafter "Bank"), but not withdrawals. The Inn's owner did not authorize Ahmad to write checks on behalf of the Inn and did not put Ahmad's name on the signature card at the Bank. When Ahmad first started work at the Inn, he dutifully made deposits. However, beginning June 16, 2005, he began to make unauthorized withdrawals. Over the next two months, Ahmad wrote out many checks to cash and withdrew a total of $21, 825 from the Inn's account.
 {¶ 3} Several Bank tellers handled Ahmad's withdrawals, several of which exceeded $2,500. None of the tellers compared the signature on the checks against the signature card, despite the Bank's policy of checking the signature against the signature card for any person writing checks in excess of $2,500.
 {¶ 4} A few of the tellers specifically recalled cashing the checks for Ahmad. All of the tellers were certain that only Ahmad came into the Bank to handle the Inn's business during the time in question. When each teller handled a check, their unique teller number was printed on the check, showing which one of the tellers handled each of the transactions. *Page 3 
 {¶ 5} The Inn's owner discovered the fraud when he came into the Bank and an employee asked him to sign one of the checks that Ahmad wrote out to cash. The owner denied ever signing any of the checks in question, or giving Ahmad permission to write them.
 {¶ 6} An Adams County Grand Jury indicted Ahmad for grand theft, in violation of R.C. 2913.02(A)(3), a felony of the fourth degree. After a bench trial, the court found him guilty as charged. At the sentencing hearing, the State and Ahmad asked the court to impose the maximum sentence. The court agreed and sentenced Ahmad to eighteen-months in prison.
 {¶ 7} Ahmad appeals, asserting the following three assignments of error: I. "The evidence presented at trial was insufficient to justify a conviction for theft." II. "In violation of due process, the guilty verdict was entered against the manifest weight of the evidence." And, III. "The trial court erred by sentencing Mr. Ahmad to prison based on facts not found by a jury or admitted by Mr. Ahmad."
 II. {¶ 8} In Ahmad's first assignment of error, he asserts that insufficient evidence supports his grand theft conviction. He contends that the State failed to identify him as the person cashing the checks and failed to prove the "deception" element of theft.
 {¶ 9} The function of an appellate court, when reviewing a case to determine if the record contains sufficient evidence to support a criminal conviction, "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The *Page 4 
relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Smith, Pickaway App. No. 06CA7, 2007-Ohio-502, ¶ 33, citing State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, Jackson v. Virginia (1979), 443 U.S. 307, 319.
 {¶ 10} The sufficiency of the evidence test "raises a question of law and does not allow us to weigh the evidence." Smith at ¶ 34, citingState v. Martin (1983), 20 Ohio App.3d 172, 175. Instead, the sufficiency of the evidence test "gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Smith, at ¶ 34, citing Jackson, 443 U.S. at 319. This court will "reserve the issues of the weight given to the evidence and the credibility of witnesses for the trier of fact." Smith, at ¶ 34, citing State v. Thomas (1982), 70 Ohio St.2d 79, 79-80; State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 11} The theft offense in question is set forth in R.C.2913.02(A)(3), which states, "No person, with purpose to deprive the owner of property * * *, shall knowingly obtain or exert control over * * * the property * * * [b]y deception[.]" R.C. 2913.01 (A) states, "Deception means knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact." R.C. *Page 5 2913.02(B)(1) states in part, "If the value of the property * * * stolen is five thousand dollars or more and is less than one hundred thousand dollars, a violation of this section is grand theft, a felony of the fourth degree."
 {¶ 12} Here, sufficient evidence supports Ahmad's conviction for grand theft. It is the responsibility of the trier of fact to fairly resolve conflicts in the testimony and to decide the issue of credibility.Smith, supra. The State offered direct and circumstantial testimony to show that Ahmad cashed the checks and knowingly deceived the Bank.
 {¶ 13} The Supreme Court has "long held that circumstantial evidence is sufficient to sustain a conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt."State v. Heinish (1990), 50 Ohio St.3d 231, 238. Indeed, circumstantial evidence may be more certain, satisfying and persuasive than direct evidence. State v. Lott (1990), 51 Ohio St.3d 160, 167. Accord State v.Jenks (1991), 61 Ohio St.3d 259.
 {¶ 14} The State offered the testimony of the Inn's owner who testified that Ahmad had no authority to withdraw money from the Inn's account at the Bank. Five tellers testified that they handled Ahmad's transactions, which eventually totaled more than $5,000.00 from the Inn's account. The State established that when each teller handled a check, their unique teller number was printed on the check, showing which one of the tellers handled each of the separate transactions. A few of the tellers specifically recalled cashing the checks for Ahmad. All five of the tellers identified Ahmad as the only person that came into the Bank to handle the Inn's business during the time in question. This testimony not only established Ahmad's identity as the person cashing *Page 6 
the checks, but it also established the element of deception. That is, Ahmad's actions and omissions misled the Bank into believing that he had the authority to withdraw those funds.
 {¶ 15} Therefore, after viewing the evidence in a light most favorable to the State, we find that any rational trier of fact could have found the essential elements of the crime of grand theft proven beyond a reasonable doubt. Consequently, sufficient evidence supports Ahmad's conviction.
 {¶ 16} Accordingly, we overrule Ahmad's first assignment of error.
 III. {¶ 17} In his second assignment of error, Ahmad asserts that his grand theft conviction is against the manifest weight of the evidence.
 {¶ 18} "Even when sufficient evidence supports a verdict, we may conclude that the verdict is against the manifest weight of the evidence, because the test under the manifest weight standard is much broader than that for sufficiency of the evidence." Smith at ¶ 41, citing State v. Banks (1992), 78 Ohio App.3d 206, 214; State v.Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 19} An appellate court, when "determining whether a criminal conviction is against the manifest weight of the evidence,* * *must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted."Smith at ¶ 41, citing State v. Garrow (1995), *Page 7 103 Ohio App.3d 368, 370-71; Martin at 175. "A reviewing court will not reverse a conviction where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v.Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus. See, also, Smith at ¶ 41.
 {¶ 20} Here, we consider the same evidence that we outlined in Ahmad's first assignment of error. The court considered the evidence and listened to the separate arguments as to what the evidence meant. The owner of the Inn testified that Ahmad had no authority to withdraw funds from the Inn's account. The tellers established that each teller's unique number appeared on the checks in question. A few of the tellers remembered cashing an Inn's check for Ahmad. All five tellers testified that only Ahmad came into the Bank regarding the Inn's business during the time in question. Because some of the tellers could not specifically remember the transaction in question, Ahmad argued that the State failed to prove his identity and failed to prove that he was the one deceiving the Bank. The court chose to believe the State's version. We cannot find that in resolving conflicts in the evidence, the court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted. We find substantial evidence upon which the court could reasonably conclude that all the elements of grand theft were proven beyond a reasonable doubt. Therefore, we find that Ahmad's grand theft conviction is not against the manifest weight of the evidence.
 {¶ 21} Accordingly, we overrule Ahmad's second assignment of error. *Page 8 
 IV. {¶ 22} In Ahmad's third assignment of error, he contends that the trial court erred when it imposed the maximum sentence. He asserts that the court based the sentence on facts neither found by a jury nor admitted by him. He further claims that his sentence violates the Ex Post Facto and Due Process Clauses and that we should overrule our prior decisions that find to the contrary.
 {¶ 23} R.C. 2953.08(D)(1) states, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 24} Here, Ahmad and the State agreed on the prison sentence that the court imposed. Although it is more typical that the parties jointly recommend a sentence as part of a plea agreement, a joint recommendation, for purposes of the statute, can occur without a prior agreement. See, e.g., In re Lee J., Sandusky App. No. S-06-030,2007-Ohio-2400, ¶ 19. Therefore, we do not address Ahmad's arguments because R.C. 2953.08(D)(1) precludes appellate review.
 {¶ 25} Accordingly, we overrule Ahmad's third assignment of error.
 V. {¶ 26} In conclusion, we overrule all of Ahmad's assignments of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion.
Abele, J.: Concurs in Judgment and Opinion to Assignments of Error 1 2; Concurs in Judgment Only to Assignment of Error 3. *Page 1