JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Everett Grider, appeals from the imposition of mandatory postrelease control as part of his sentence following his convictions for rape, aggravated burglary, and kidnapping. For the reasons that follow, we affirm.
 {¶ 2} Appellant's sole assignment of error provides:
 {¶ 3} "I. R.C. 2967.28 violates the double jeopardy clauses of the United States and Ohio Constitutions."
 {¶ 4} Appellant contends that R.C. 2967.28 violates double jeopardy because it provides for the imposition of an additional prison term at a later date for an offender who has "already served his entire prison term for the same criminal conviction." The Ohio Supreme Court has addressed this argument and held, "R.C. 2967.28(F)(4), which specifies that a person released on postrelease control who violates conditions of that postrelease control faces a term of incarceration for the violation as well as criminal prosecution for the conduct that was the subject of the violation as a felony in its own right, does not violate the Double Jeopardy Clause of the United States or Ohio Constitution." State v.Martello, 97 Ohio St.3d 398, 2002-Ohio-6661, syllabus. Accordingly, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 4 
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1