[Cite as *State v. Rayburn*, 2010-Ohio-5693.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No: 09CA6 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| STEPHEN I. RAYBURN, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | File-stamped date:  11-18-10 |

_____

APPEARANCES:

Stephen I. Rayburn, pro se, for Appellant.

Jonathan D. Blanton, Jackson County Prosecutor, Jackson, Ohio, for Appellee.

_____

Kline, J.:

{¶1}    Stephen I. Rayburn (hereinafter "Rayburn") pled guilty to two counts of sexual battery, and the Jackson County Court of Common Pleas sentenced Rayburn to a total of eight years in prison.  On appeal, Rayburn initially contends that he should have received the minimum sentence for each count of sexual battery.  Because Rayburn agreed to the eight-year prison term as part of a plea agreement, we will not review Rayburn's sentence on appeal.  Next, Rayburn contends that postrelease control violates the Double Jeopardy clause of the United States Constitution.  Because the punishment for a postrelease control violation does not implicate Double Jeopardy, we disagree.  Accordingly, we affirm the judgment of the trial court.

I.

{¶2}    A Jackson County Grand Jury indicted Rayburn for two counts of sexual battery, in violation of R.C. 2907.03, and five counts of rape, in violation of R.C. 2907.02.  Eventually, Rayburn and the state reached a plea agreement.  Rayburn agreed to plead guilty to the two sexual-battery charges, and the state agreed to dismiss the five rape charges.  Additionally, the state agreed to recommend consecutive four-year prison sentences for a total combined prison term of eight years.

{¶3}    Rayburn pled guilty, and the trial court imposed the recommended eight-year sentence.  The trial court also informed Rayburn that he would be subject to mandatory postrelease control.  (At Rayburn's plea and sentencing hearing, the trial court informed Rayburn that he would "be subject to Post-Release Control for a period of five years."  Rayburn's judgment of conviction, however, states that "he will be subject to three years of post release control[.]"  Because sexual battery is a felony sex offense, Rayburn is indeed subject to five years of postrelease control, not three years.  See R.C. 2967.28(B)(1).  And because his sentence was imposed after July 11, 2006, the trial court may use the procedure in R.C. 2929.191 to correct the term of Rayburn's postrelease control.  See *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, at paragraph two of the syllabus.)

{¶4}    Rayburn filed a motion for leave to file a delayed appeal.  We granted that motion, and Rayburn now asserts the following two assignments of error: I. "THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT OVER THE STATUTORY MAXIMUM IN VIOLATION OF HIS SIXTH AMENDMENT[.] [sic]"  And, II. "THE TRIAL COURT ERRED IN IMPROPERLY INSTRUCTING PRC 'POST RELEASE CONTROL' AND PRC VIOLATES THE CLAUSE OF DOUBLE JEOPARDY[.]"

II.

{¶5}   In his first assignment of error, Rayburn contends that he should have received the minimum sentence for each count of sexual battery; i.e., a total combined prison term of two years.  Ostensibly, Rayburn raises constitutional issues in his first assignment of error.  But in reality, Rayburn is challenging Ohio's sentencing scheme in the aftermath of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.

{¶6}   Here, we will not review Rayburn's first assignment of error.  As part of his plea agreement, Rayburn agreed to the state's recommendation of an eight-year prison sentence.  This is relevant because R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶7}   We find that R.C. 2953.08(D)(1) applies to Rayburn's sentence.  First, Rayburn's sentence is clearly authorized by law.  "A sentence is authorized by law if it is within the statutory range of available sentences."  *State v. Baird*, Columbiana App. No. 06-CO-4, 2007-Ohio-3400, at ¶13, citing *State v. Gray*, Belmont App. No. 02 BA 26, 2003-Ohio-805, at ¶10.  See, also, *State v. Straley*, Highland App. No. 09CA4, 2009-Ohio-6170, at ¶25.  Rayburn pled guilty to two third-degree felonies.  See R.C. 2907.03(B).  Because the maximum penalty for a third-degree felony is five (5) years in prison, see R.C. 2929.14(A)(3), the trial court could have sentenced Rayburn to a combined prison term of ten (10) years.  Thus, the actual sentence of eight (8) years is well within the statutory range.

{¶8}   Furthermore, as the record demonstrates, the defendant and the prosecution jointly recommended the eight-year sentence as part of a plea agreement.

{¶9}   "ASSISTANT PROSECUTOR: * * * [I]n this particular case I think the Defendant desires to plead to Counts One and Two of his indictment, and the State uh… if that's what he chooses to do, we would dismiss Three through Seven.  Uh... we have made a recommendation of four years actual incarceration on each charge.

{¶10}  "JUDGE: Okay and… what is that?  Is that a…

{¶11}  "ASSISTANT PROSECUTOR: Sexual Battery is what we're talking about.

{¶12}  "JUDGE: Okay.  So, counts Three through Seven would be dismissed then?

{¶13}  "ASSISTANT PROSECUTOR: That is correct Your Honor.  And just uh… for the record uh… throughout this whole process uh… through the aid of our Advocate in our office, uh… we have been in touch with the uh… victims in this case and they are aware of this and are agreeable to this arrangement.

{¶14}  "JUDGE: Okay.  And [Rayburn's trial counsel], is that your understanding?

{¶15}  "[RAYBURN'S TRIAL COUNSEL]: Yes Your Honor, that's our understanding.

{¶16}  "JUDGE: Okay.  And, Mr. Rayburn, is that your understanding?

{¶17}  "DEFENDANT: Yes."  (Ellipses Sic.)

{¶18}  Later, Rayburn and the prosecution once again agreed on the recommended sentence.

{¶19}  "ASSISTANT PROSECUTOR: Yeah, our recommendation Your Honor has been uh… *worked out in the plea* was he would enter the guilty charges, which he

has done, and the State would recommend four years actual in each of these counts to run consecutive.  Obviously he would get credit for time served.  I have no objection to that.

**{¶20}** "JUDGE: Okay.  [Rayburn's Trial Counsel?]

**{¶21}** "[Rayburn's Trial Counsel]: That is our understanding of the State's recommendation as to sentencing Your Honor."  (Emphasis Added.)  (Ellipses Sic.)

**{¶22}** "Where the record indicates that a defendant freely and knowingly entered into a plea agreement and a jointly recommended sentence, and the trial court imposes that sentence which is authorized by law, the sentence is not subject to appellate review."  *State v. Lee*, Muskingum App. No. 08-CA-70, 2009-Ohio-3423, at ¶18 (citations omitted).  See, also, *State v. Knisely*, Hancock App. No. 5-07-37, 2008-Ohio-2255, at ¶11-12 (declining to review a sentence that was recommended as part of a plea agreement); *State v. Reese*, Jefferson App. No. 07 JE 7, 2008-Ohio-1548, at ¶67 (same).  Here, Rayburn entered into the plea agreement knowing that the state would recommend eight years in prison.  Rayburn agreed with that recommendation, and the trial court imposed the requested sentence.  Therefore, because of R.C. 2953.08(D)(1), this court may not review Rayburn's sentence or consider his first assignment of error.  See, e.g., *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, at ¶25 ("The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate."); *State v. Tomlinson*, Pickaway App. No. 07CA3, 2007-Ohio-4618, at ¶6; *State v. Ahmad*, Adams App. No. 06CA828, 2007-Ohio-4567, at ¶22-24; *Knisely* at ¶12; *Baird* at ¶ 11-17.

**{¶23}** Accordingly, we overrule Rayburn's first assignment of error.

III.

**{¶24}** In his second assignment of error, Rayburn contends that postrelease control violates the Double Jeopardy clause of the United States Constitution. Essentially, Rayburn argues that receiving a prison term for a postrelease control violation is unconstitutional. And for that reason, Rayburn contends that he should not be subjected to postrelease control.

**{¶25}** Constitutional analysis is a question of law that we review de novo. *State v. Roberts*, Montgomery App. No. 23684, 2010-Ohio-3250, at ¶8 (citations omitted); see, also, *State v. Baranski*, 173 Ohio App.3d 410, 2007-Ohio-4072, at ¶6; *State v. Ziepfel* (1995), 107 Ohio App.3d 646, 652. "The Double Jeopardy Clause provides that no 'person [shall] be subject for the same offence to be twice put in jeopardy of life or limb.' [The United States Supreme Court has] long recognized that the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, in common parlance, be described as punishment. * * * The Clause protects only against the imposition of multiple *criminal* punishments for the same offense[.]" *Hudson v. United States* (1997), 522 U.S. 93, 98-99 (internal citations omitted) (emphasis sic). "[D]ouble jeopardy principles do not prohibit the imposition of every additional sanction that could be labeled 'punishment' in common parlance." *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, at ¶8, citing *Hudson* at 98-99.

**{¶26}** Here, we find no merit in Rayburn's Double-Jeopardy arguments. "[T]he General Assembly has indicated its clear intent that the prison term imposed for the violation of postrelease control is a reinstatement of part of the original sentence for violating the conditions of supervision, and is not meant to be a separate criminal

punishment." *Martello* at ¶19. Thus, in *Martello*, "the Supreme Court of Ohio concluded that 'jeopardy does not attach when a defendant receives a term of incarceration for the violation of conditions of postrelease control.' [Id. at ¶26]. Such a term of incarceration is attributable to the original sentence and is not a 'criminal punishment' for Double Jeopardy Clause purposes." *Brown v. Ohio Adult Parole Auth.*, Franklin App. No. 09AP-797, 2010-Ohio-872, at ¶7, citing *Martello* at ¶26. See, also, *State v. Ervin*, Lake App. Nos. 2009-L-025 & 2009-L-026, 2009-Ohio-6382, at ¶31; *State v. Grider*, Cuyahoga App. No. 90603, 2008-Ohio-5132, at ¶4. Therefore, receiving a prison term for a postrelease control violation *is* constitutional, and Rayburn's argument has no merit.

**{¶27}** Accordingly, we overrule Rayburn's second assignment of error. Having overruled both of his assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. and Harsha, J.:  Concur in Judgment and Opinion.

For the Court

BY:_____
     Roger L. Kline, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**