[Cite as *State v. Moore*, 2011-Ohio-2143.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 92654**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TERRANCE MOORE

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case Nos. CR-427648 and CR-445445
Application for Reopening
Motion No. 443348

**RELEASE DATE:** May 3, 2011

**FOR APPELLANT**

Terrance Moore, Pro Se
Inmate No. 480-096
Marion Correctional Institution
P.O. Box 57
Marion, Ohio   43301

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   Allan T. Regas
        Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶ 1} Terrance Moore has filed an application for reopening pursuant to App.R. 26(B).   Moore is attempting to reopen the appellate judgment, as rendered in *State v. Moore*, Cuyahoga App. No. 92654, 2010-Ohio-770, which affirmed his conviction and sentence in part, reversed the sentence in part, and remanded for resentencing.   We decline to reopen Moore's appeal.

**{¶ 2}** App.R. 26(B)(2)(b) requires that Moore establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline as provided by App.R. 26(B)(2)(b), has firmly established that:

**{¶ 3}** "We now reject [applicant's] claim that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B). The rule was amended to include the 90-day deadline more than seven months before [applicant's] appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. *Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.*

**{¶ 4}** *"Ohio and other states 'may erect reasonable procedural requirements for triggering the right to an adjudication,' Logan v. Zimmerman Brush Co. (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen.* [Applicant] could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * *The 90-day*

requirement in the rule is 'applicable to all appellants,' *State v. Winstead (1996)*, 74 Ohio St.3d 277, 278, 658 N.E.2d 722, *and Gumm offers no sound reason why he – unlike so many other Ohio criminal defendants – could not comply with that fundamental aspect of the rule."* (Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at ¶7.

{¶ **5**} See, also, *State v. LaMar,* 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970*; State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

{¶ **6**} Herein, Moore is attempting to reopen the appellate judgment that was journalized on March 4, 2010. The application for reopening was not filed until April 1, 2011, more than 90 days after journalization of the appellate judgment in *State v. Moore*, supra. Moore has failed to raise or establish "good cause" for the untimely filing of his application for reopening. The failure to establish "good cause" mandates that this court deny the application for reopening. *State v. White* (Jan. 31, 1991), Cuyahoga App. No. 57944, reopening disallowed (Oct. 19, 1994), Motion No. 249174; *State v. Allen* (Nov. 3, 1994), Cuyahoga App. No. 65806, reopening disallowed (July 8, 1996), Motion No. 267054. See, also, *State v. Moss* (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, reopening disallowed (Jan. 16, 1997), Motion No. 275838; *State v. McClain* (Aug. 3, 1995), Cuyahoga

App. No. 67785, reopening disallowed (Apr. 15, 1997), Motion No. 276811; *State v. Russell* (May 9, 1996), Cuyahoga App. No. 69311, reopening disallowed (June 16, 1997), Motion No. 282351.

{¶ 7} In addition, lack of knowledge or ignorance of the time constraint, applicable to an application for reopening per App.R. 26(B), does not provide sufficient cause for untimely filing. *State v. Klein* (Mar. 28, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 249260, affirmed (1994), 69 Ohio St.3d 1481; *State v. Trammell* (July 13, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 270493; *State v. Travis* (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 251073, affirmed (1995), 72 Ohio St.3d 317. See, also, *State v. Torres*, Cuyahoga App. No. 86530, 2007-Ohio-3696, reopening disallowed (Jan. 3, 2007), Motion No, 390254; *State v. Gaston* (Feb. 7. 2002), Cuyahoga App. No. 79626, reopening disallowed (Jan 17,2007), Motion No. 391555.

{¶ 8} Accordingly, the application for reopening is denied.

_____
KENNETH A. ROCCO, JUDGE

PATRICIA ANN BLACKMON, P.J., *and*
LARRY A. JONES, J., CONCUR