[Cite as *Santos v. Parks*, 2018-Ohio-3111.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JENNIFER A. SANTOS | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| AMANDA M. PARKS | : | Case No. 17-COA-044 |
| | : | |
| and | : | |
| | : | |
| MICHAEL C. PARKS | : | |
| | : | |
| Defendants – Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Ashland County
Court of Common Pleas, Juvenile
Division, Case No. 20174001

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        August 3, 2018

APPEARANCES:

For Plaintiff-Appellant

DAVID R. PLUMB
Weis + O'Connor LLC
22 E. Gay Street, Suite 401
Columbus, Ohio 43215

For Defendants-Appellees

RENEE J. JACKWOOD
3540 Burbank Road, #139
Wooster, Ohio 44691

*Baldwin, J.*

{¶1} Plaintiff-appellant Jennifer A. Santos appeals from the November 29, 2017 Opinion and Judgment Entry issued by the Ashland County Court of Common Pleas, Juvenile Division.

STATEMENT OF THE FACTS AND CASE

{¶2} On January 3, 2017, appellant filed a Complaint for Grandparent's Visitation rights, seeking temporary and permanent companionship/visitation rights with her grandchild pursuant to R.C. 3109.12. The minor child, R.P. who is the subject this case, was born on September 10, 2015 to appellee Amanda M. Parks, and appellant's son, Michael C. Parks. At the time of his birth, the two were not married but later married on February 12, 2016.

{¶3} Appellees filed a Motion to dismiss the complaint on February 27, 2017, arguing that application of R.C. 3109.12 to them, an intact, married family unit, was unconstitutional. Appellees cited to this court's Opinion in *Rugola-Dye v. Dye*, 5th Dist. Delaware No. 08 CAF 06 0038, 2009-Ohio-2471. A hearing for the limited purpose of determination of paternity was held on February 27, 2017. Appellees did not contest the issue of paternity. Pursuant to a Magistrate's Decision and Judgment Entry filed on March 2, 2017, the Magistrate found that appellee Michael C. Parks was the father of R.P. and that a parent-child relationship existed between the two. The Magistrate further found that appellee Amanda M. Parks and appellee Michael C. Parks were married on February 12, 2016 and continued to be married, sharing a residence with their son. The trial court approved and adopted the Magistrate's Decision.

**{¶4}** Appellant, on March 16, 2017, filed a memorandum in opposition to the Motion to Dismiss and appellees filed a reply on March 20, 2017. As memorialized in a Magistrate's Decision filed on March 22, 2017, the Magistrate recommended that the Motion to Dismiss be granted, applying this Court's precedent in the Rugola-*Dye* case. Appellant filed objections to the Magistrate's Decision on April 3, 2017 and appellees filed a response on April 26, 2017. The trial court, on November 29, 2017, issued an Opinion and Judgment Entry overruling the objections and ordering that the Motion to Dismiss the Complaint be granted.

**{¶5}** Appellant now raises the following assignment of error on appeal:

**{¶6}** I. WHETHER THE CENTRAL HOLDING OF *RUGOLA-DYE V. DYE,* 5TH DIST. DELAWARE N0. 08 CAF 060038, 2009-OHIO-2471 SHOULD BE APPLIED AS A BRIGHT- LINE RULE, I.E. WHETHER R.C. 3109.12 (A) IS UNCONSTITUTIONAL AS APPLIED TO THE CIRCUMSTANCES OF HIS CASE UNDER THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION.

I

**{¶7}** Appellant, in her sole assignment of error, argues that the trial court erred in applying this Court's decision in *Rugola-Dye v. Dye*, 5th Dist. Delaware No. 08 CAF 06 0038, 2009-Ohio-2471 to the case sub judice. Appellant specifically asks that this Court reconsider our decision in such case arguing that this case presents a constitutional question of law.

**{¶8}** "Constitutional analysis is a question of law that we review de novo." *State v. Rayburn,* Jackson App. No. 09CA6, 2010–Ohio–5693, at ¶ 25 (citations omitted).

{¶9} Appellant filed her complaint for grandparent visitation pursuant to R.C. 3109.12. R.C. 3109.12(A) governs the issue of the grandmother's right of visitation with the minor child in this case. That section provides as follows:

{¶10} [i]f a child is born to an unmarried woman, the parents of the woman and any relative of the woman may file a complaint requesting the court of common pleas of the county in which the child resides to grant them reasonable companionship or visitation rights with the child. If a child is born to an unmarried woman and if the father of the child has acknowledged the child and that acknowledgment has become final pursuant to section 2151.232, 3111.25, or 3111.821 of the Revised Code or has been determined in an action under Chapter 3111. of the Revised Code to be the father of the child, the father may file a complaint requesting that the court of appropriate jurisdiction of the county in which the child resides grant him reasonable parenting time rights with the child and the parents of the father and any relative of the father may file a complaint requesting that the court grant them reasonable companionship or visitation rights with the childl

{¶11} R.C. 3109.12(B) provides that [t]he marriage or remarriage of the mother or father of a child does not affect the authority of the court under this section to grant * * * the parents or relatives of the natural father or the parents or relatives of the mother of the child reasonable companionship or visitation rights with respect to the child.

{¶12} In the *Rugola-Dye* case cited above, the appellants, Michael C. and Jessica L. Dye, fka Ward, appealed the decision of the Delaware County Court of Common Pleas, Juvenile Division, which granted a complaint for grandparent visitation in favor of appellee Mary C. Rugola. Appellants were the parents of a son, "H.D.", born in 2005. Appellants were not married to each other at the time H.D. was born. Appellant Michael had legally

acknowledged paternity of the child. Appellants did marry about eighteen months after H.D.'s birth.

**{¶13}** Appellee, H.D.'s paternal grandmother, filed a complaint in the trial court on May 22, 2006 seeking grandparent visitation under R.C. 3109.12. Following a hearing, the trial court, issued a Judgment Entry granting appellee Grandmother Mary C. Rugola-'reasonable' Companionship time with her grandson. The appellants then appealed to this Court arguing, in part, that the trial court's decision was an unconstitutional application of R.C. 3109.12. We agreed. In our Opinion, this Court stated, in relevant part, as follows at paragraphs 18-23:

> In *Troxel v. Granville* (2000), 530 U.S. 57, 64, 120 S.Ct. 2054, 2059, the United States Supreme Court stated: "Because grandparents and other relatives undertake duties of a parental nature in many households, States have sought to ensure the welfare of the children therein by protecting the relationships those children form with such third parties. The States' nonparental visitation statutes are further supported by a recognition, which varies from State to State, that children should have the opportunity to benefit from relationships with statutorily specified persons-for example, their grandparents. * * *."[1] Nonetheless, the United States Supreme Court also recognized in the *Troxel* opinion that the parents' interest in the care, custody and control of their children "is perhaps the oldest of the fundamental liberty interests recognized by [the] Court." *Id.* at 65. The Ohio Supreme Court has stated that grandparents have no constitutional right of

association with their grandchildren. See *In re Schmidt* (1986), 25 Ohio St.3d 331, 336, 496 N.E.2d 952.

The Ohio Revised Code contains at least three main subsections governing non-parent visitation with minor children. See *In re C.C.,* Montgomery App.No. 21707, 2007-Ohio-3696, ¶ 5, citing *In re E.H.,* Lorain App. No. 04CA008585, 2005-Ohio-1952. The statute at issue in the case sub judice is R.C. 3109.12(A), which authorizes a visitation complaint by a relative if the minor child was born to an unmarried woman. R.C. 3109.12(A) reads in pertinent part:

* * * If a child is born to an unmarried woman and if the father of the child has acknowledged the child and that acknowledgment has become final pursuant to section 2151.232, 3111.25, or 3111.821 of the Revised Code or has been determined in an action under Chapter 3111. of the Revised Code to be the father of the child, the father may file a complaint requesting that the court of appropriate jurisdiction of the county in which the child resides grant him reasonable parenting time rights with the child and the parents of the father and any relative of the father may file a complaint requesting that the court grant them reasonable companionship or visitation rights with the child.

We generally afford a presumption of constitutionality to legislative enactments. See, e.g., *State v. Anderson* (1991), 57 Ohio St.3d 168, 171, 566 N.E.2d 1224. Appellants herein direct us to *Nicoson v. Hacker,* Lake App.No.2000-L-213, 2001-Ohio-8718, wherein the Eleventh District Court

of Appeals found that R.C. 3109.12, supra, violates the Equal Protection Clause of the United States Constitution as applied to the facts of that case, concluding "[t]here is no rational basis for distinguishing between a child born prior to the marriage of the natural parents and a child born to the same parents after their marriage." *Id.* at 3. Appellants further contend that their marriage has created an intact family unit subsequent to appellee's visitation complaint, and the allowance of appellee's involvement in the child's life by judicial process violates their right to parental care, custody, and control pursuant to *Troxel,* supra.

We find the constitutional question before us under these facts is whether there is an Equal Protection violation in the statute's differentiation of married parents who were unmarried at the time of the complaint's filing from those who were married at the time of such a complaint. "The constitutional guarantee of equal protection requires that laws operate equally upon persons who are alike in all relevant respects." *State v. Williams,* 179 Ohio App.3d 584, 598, 2008-Ohio-6245, citing *McCrone v. Bank One Corp.,* 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 20. "When suspect classes are not involved, the equal-protection clause permits class distinctions in legislation if the distinctions bear some rational relationship to a legitimate government objective." *Id.,* citing *State ex rel. Vana v. Maple Hts. City Council* (1990), 54 Ohio St.3d 91, 92, 561 N.E.2d 909. Under the rational basis test, the legislation must be upheld unless the classification is totally unrelated or irrelevant to the state's goals or purpose

for enacting the legislation. *Menefee v. Queen City Metro* (1990), 49 Ohio St .3d 27, 29, 550 N.E.2d 181. We find that under R.C. 3109.12, the General Assembly has provided a means for extended family members of children born to unwed parents to involve themselves in the lives of such children, who do not benefit from a marital two-parent nuclear home environment. However, where, as in this case, the parents of the child indeed marry each other during the pendency of the relative's visitation complaint, we find no rational basis for differentiating married parents who were unmarried at the time of the complaint's filing from those who were married at that time.

We therefore hold R.C. 3109.12 is unconstitutional as applied to the particular facts and circumstances of this case.

{¶14} As noted by the trial court in its November 29, 2017 Decision and Judgment Entry, the facts in the *Rugola-Dye* case are nearly identical to the facts in the case sub judice. In both cases, the parents were not married at the time of the child's birth, but later married.  In the case sub judice, the parties married approximately five months after the child's birth and almost a year prior to the filing of appellant's complaint for companionship time. Based on the *Rugola-Dye* case, because the parents of the child married each other during the pendency of the relative's visitation complaint, "we find no rational basis for differentiating married parents who were unmarried at the time of the complaint's filing from those who were married at that time". *Rugola–Dye v. Dye,* 5th Dist. Delaware No. 08 CAF 06 0038, 2009-Ohio-2471, 2009 WL 1485035, ¶ 22.

{¶15} We therefore hold that the trial court did not err in applying in this court's Opinion in *Rugola-Dye v. Dye*   and finding that R. C. 3109.12 is unconstitutional as

applied to the particular facts and circumstances of this case. We choose to follow our prior precedent and see no reason for our Court to reconsider the matter.

**{¶16}** Appellant's sole assignment of error is, therefore, overruled.

**{¶17}** Accordingly, the judgment of the Ashland County Court of Common Pleas, Juvenile Division, is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Earle Wise, J. concur.