DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Michael Brown, appeals from the sentence of the Athens County Court of Common Pleas. The court sentenced him to six years of imprisonment, to be served consecutively with a six-year sentence he received in a previous case. Appellant contends the trial court erred in sentencing him to a consecutive, non-minimum sentence without complying with the requirements of R.C. 2929.14(E)(4), R.C.2929.19(B) and R.C. 2929.14(B). Because Appellant agreed to such sentencing as part of his plea, R.C. 2953.08(D)(1) precludes appellate *Page 2 
review. Assuming arguendo that R.C. 2953.08(D)(1) was not applicable in this instance, because the Supreme Court of Ohio has held that R.C.2929.14(E)(4), R.C. 2929.19(B) and R.C. 2929.14(B) are unconstitutional and has severed them from Ohio's sentencing statues, Appellant's arguments would still be without merit. Accordingly, we overrule Appellant's assignments or error and affirm the sentence of the trial court.
 I. Facts {¶ 2} In October of 2005, on consecutive days, Appellant committed robberies, one in Athens county and one in Washington county. He was apprehended and confessed to both crimes. In June of 2006, Appellant pleaded guilty to aggravated robbery for the Washington county offense and was sentenced to a six-year prison term by the Washington County Court of Common Pleas. In January of 2007, Appellant pleaded guilty to one count of robbery and one count of tampering with evidence for the Athens county robbery. The Athens County Court of Common Pleas sentenced Appellant to six years imprisonment for the robbery and three years for tampering, those sentences to be served concurrently. However, by agreement of the parties, the court ordered Appellant to serve the sentence consecutively with the previously imposed six-year sentence, for a total of *Page 3 
twelve years. In the current appeal, Appellant challenges the sentence of the Athens County Court of Common Pleas.
 II. Assignments of Error {¶ 3} 1. THE TRIAL COURT ERRED IN ORGERING [SIC] CONSECUTIVE SENTENCES WITHOUT SPECIFICALLY FINDING THE FACTORS ENUMERATED IN R.C.2929.14(E)(4) AND WITHOUT GIVING REASONS FOR THE CONSECUTIVE SENTENCES PURSUANT TO R.C. 2929.19(B).
 {¶ 4} 2. THE TRIAL COURT ERRED IN ORDERING A NON-MINIMUM SENTENCE FOR A FIRST-TIME OFFENDER WITHOUT FINDING FACTS ON THE RECORD PURSUANT TO R.C. 2929.14(B).
 III. Legal Analysis {¶ 5} In his assignments of error, Appellant contends the trial court erred by ordering him to serve consecutive sentences without complying with R.C. 2929.14(E)(4) and R.C. 2929.19(B) and by ordering him to serve a non-minimum sentence without complying with R.C. 2929.14(B). Because Appellant, as part of his plea agreement, agreed to such sentencing, we disagree.
 {¶ 6} R.C. 2953.08(D)(1) states: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *Page 4 
 {¶ 7} Here, as part of his plea arrangement, Appellant and Appellee agreed that he would serve the Athens County sentence concurrently with the previously rendered Washington County sentence. As such, R.C.2953.08(D)(1) precludes appellate review. See State v. Tomlinson, 4th Dist. No. 07CA3, 2007-Ohio-4618; State v. Ahmad, 4th Dist. No. 06CA828,2007-Ohio-4567.
 {¶ 8} Assuming arguendo, that R.C. 2953.08 was not applicable, Appellant's arguments would fail on their merits because of theFoster decision. In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 NE.2d 470, the Supreme Court of Ohio considered the constitutionality of Ohio's sentencing statutes in light of the United States Supreme Court's holdings in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, and Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348. The Court held that, to the extent they required judicial fact finding before imposing a consecutive or non-minimum sentence, R.C. 2929.14(B), R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2) violated the Sixth Amendment. Foster at paragraphs one and three of the syllabus.
 {¶ 9} Pursuant to the holding in United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, the Supreme Court of Ohio's remedy was to sever the unconstitutional provisions of the Revised Code. Foster at paragraphs *Page 5 
two and four of the syllabus. As a result of that severance, judicial fact-finding is no longer required before imposing a concurrent sentence or more than the minimum sentence. Id. After the Foster decision, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster at paragraph seven of the syllabus.
 {¶ 10} In the case sub judice, Appellant contends the trial court did not make findings of fact before imposing a consecutive sentence pursuant to R.C. 2929.14(E)(4), did not state reasons for imposing a consecutive sentence pursuant to R.C. 2929.19(B), and did not make findings of fact before imposing a non-minimum sentence pursuant to R.C.2929.14(B). Each of these sections of the Ohio Revised Code were individually and directly addressed by the Court in Foster. Insofar as they required trial courts to make findings of fact before imposing consecutive or non-minimum sentences, each were found to be unconstitutional and were severed from Ohio's sentencing statutes. Thus, Appellant's arguments are based on statutory authority that has been superseded by Foster. *Page 6 
 IV. Conclusion {¶ 11} Because, as part of his plea, Appellant agreed to serve his Washington and Athens County sentences concurrently, R.C. 2953.08(D)(1) precludes appellate review. Even if R.C. 2953.08(D)(1) was not applicable in this instance, post Foster, trial courts have discretion to impose consecutive and non-minimum prison sentences, without making findings of fact, as long as sentencing is within the statutory range. Accordingly, the decision of the Athens County Court of Common Pleas to impose a non-minimum sentence, to run consecutively with a previous sentence imposed by the Washington County Court of Common Pleas, was not error. The sentence of the trial court is affirmed.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution. IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and Kline, J.: Concur in Judgment and Opinion. *Page 1