[Cite as *State v. Miller*, **2014-Ohio-1803**.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                       :   Case No.   13CA5

    vs.                                             :

AARON S. MILLER,                              :   DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                   :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:   Michael D. Hess, 214 South Court Street, Ste. 200, P.O.
Box 682, Circleville, Ohio, 43113

COUNSEL FOR APPELLEE:   Judy C. Wolford, Pickaway County Prosecuting Attorney,
and Jayme Hartley Fountain, Pickaway County Assistant
Prosecuting Attorney, 203 South Scioto Street, P.O. Box
910, Circleville, Ohio 43113

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 4-21-14
ABELE, P.J.

{¶ 1}   This is an appeal from a Pickaway County Common Pleas Court judgment of

conviction and sentence.   Aaron S. Miller, defendant below and appellant herein, pled guilty to

(1) breaking and entering in violation of R.C. 2911.13(A), and (2) theft in violation of R.C.

2913.02(A)(1).   Appellant assigns the following error for review:

> "THE LOWER COURT ERRED IN SENTENCING
> DEFENDANT-APPELLANT TO THE MAXIMUM ON EACH
> COUNT AND IN SENTENCING DEFENDANT-APPELLANT

TO CONSECUTIVE SENTENCES."

{¶ 2}   On July 13, 2012, the Pickaway County Grand Jury returned an indictment that charged appellant with the aforementioned offenses, as well as (1) (count one) burglary in violation of R.C. 2911.12(A) (1), (2) (count two) grand theft of a firearm in violation of R.C. 2913.02(A)(1), (3) (count three) possession of criminal tools in violation of R.C. 2923.24(A), and (4) (count four) attempted theft of a motor vehicle in violation of R.C. 2923.02(A)/2913.02(A)(1).   Appellant initially pled not guilty on all counts.

{¶ 3}   The parties apparently reached a plea agreement whereby appellant would plead guilty to theft and breaking and entering in exchange for the dismissal of the first four counts. At the February 27, 2013 hearing the following colloquy occurred between the court and counsel:

> "[Assistant Prosecutor]: Thank you, your honor, my understanding is that Mr. Miller is going to be pleading guilty to counts five and six, breaking and entering and theft, both of these are F-5's. [Defense Counsel] indicates Mr. Miller wants to go forward with sentencing today, <u>recommend twelve months consecutive on each sentence</u>, dismiss the balance of those charges. (Emphasis added.)

{¶ 4}   The Court: [Defense Counsel]?

{¶ 5}   [Defense Counsel]: That's the agreement, your honor."

{¶ 6}   A few moments later, the trial court asked appellant if he understood that the State would ask for the maximum penalty that "would total of twenty-four months."   Appellant answered in the affirmative.   The trial court then (1) sentenced appellant to serve twelve months on each count, (2) ordered the sentence to be served consecutively, and (3) dismissed the four remaining counts.   This appeal followed.

{¶ 7}   Appellant asserts in his assignment of error that the trial court erred by (1) imposing maximum sentences for these offenses, and (2) ordering that the sentences be served

consecutively.   R.C. 2953.08(D)(1) prohibits an appeal of a sentence that is authorized by law and is part of an agreed plea. See *State v. Estep*, 4th Dist. Lawrence No. No. 11CA7, 2012-Ohio-6296, at ¶9; *State v. Brown*, 4th Dist. Athens No. 07CA4, 2008-Ohio-175, at ¶7.   It is unclear from the record whether the proposed sentences are part of the underlying plea agreement, or if the State simply warned appellant that maximum, consecutive sentences would be its recommendation.

{¶ 8}   However, even if maximum consecutive sentences are not part of the plea agreement, we would hold that the appellant is barred from challenging them under the invited error doctrine.   At the change of plea hearing, appellant was obviously aware that he would receive twenty-four months imprisonment.   Appellant consented to the agreement and pled guilty on counts five and six of the indictment in exchange for a dismissal of the first four counts.  Furthermore, on February 27, 2013 a "Petition to Enter Plea of Guilty" was filed with the trial court.   That "Petition" bears appellant's signature and informs him that (1) he could receive the maximum penalty of twelve months imprisonment on counts five and six, and (2) the sentences could be served consecutively.

{¶ 9}   The "invited error doctrine" prohibits a party from taking advantage of an error that he, himself induced a court to make. *State v. Hicks*, 4th Dist. Adams No. 11CA933, 2012–Ohio–3831, at ¶11; *State v. Rizer*, 4th Dist. Meigs No. 10CA3, 2011–Ohio–5702, at ¶ 27. This doctrine applies to errors that arise from   negotiated plea agreements.   See *State v. Barnett*, 4th Dist Scioto No. 12CA3527, 2013-Ohio-3838, at ¶9; *State v. Marcum*, 4th Dist. Hocking Nos. 12CA22, 12CA26, 2013–Ohio–2189, at ¶10.   Here, appellant was aware that multiple, consecutive sentences could be imposed.   If not explicitly part of the plea agreement, appellant

at least implicitly signaled his willingness to accept that punishment in exchange for the

dismissal of the four remaining counts.    Appellant cannot be heard now to complain about a

sentence that he willingly accepted.

{¶ 10} For all of these reasons, we find no merit to appellant's assignment of error and it

is hereby overruled.    Accordingly, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

Hoover, J.: Dissents.

{¶ 11} I believe that the trial court should have made findings on the record for imposing

the consecutive sentences.    This Court stated in *State v. Black,* 4th Dist. Ross No. 12CA3327,

2013-Ohio-2105 at paragraph 57:

> Thus, R.C. 2929.14(C)(4), requires the sentencing court to conduct a three-step
>
> analysis in order to impose a consecutive sentence. *Midlam,* 4th Dist. No. 12CA2,
>
> 2012–Ohio–6299, at ¶ 9. In each step of the analysis, the sentencing court must
>
> "find" the relevant factors before imposing consecutive sentences. *Id.;* R.C.
>
> 2929.14(C)(4).

{¶ 12} In this case, the trial court did not "find" the relevant factors before imposing

consecutive sentences; therefore, I respectfully dissent.

[Cite as *State v. Miller*, 2014-Ohio-1803.]

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J.: Concurs in Judgment & Opinion
Hoover, J.: Dissents with Dissenting Opinion

For the Court

BY:_____

Peter B. Abele

Presiding Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.