[Cite as *State v. Weese*, 2014-Ohio-3267.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-61 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2012-CR-797 |
| v. | : | |
| | : | |
| JOSEPH WEESE | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of July, 2014.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. #0091678, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

LUCAS W. WILDER, Atty. Reg. #0074057, 120 West Second Street, Suite 400, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}     Joseph Weese appeals from his convictions for domestic violence and abduction,

both felonies of the third degree, after he entered guilty pleas as part of a plea bargain with an agreed-upon sentence of twenty-four months in prison on the first charge to be served consecutively to eighteen months on the second. Appellant's assigned counsel has filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he "has throughly examined the record and the law and has found no potentially meritorious issues for appeal." (Brief of Appellant at 3). Counsel also requests that he be permitted to withdraw as counsel.

{¶ 2}    Counsel's brief indicates that he notified Weese in writing concerning counsel's intention to file an *Anders* brief. We independently notified Weese of the *Anders* filing, advising him of his right to file his own brief and the time limit for doing so. Weese has not filed anything, and the time for filing now has expired.

## The Course of Proceedings

{¶ 3}    Weese was indicted on November 19, 2012 for domestic violence, with two prior convictions, and for felonious assault and kidnapping. (Doc. 1) Trial was scheduled several times but continued at the request of the defendant. He also waived his right to a speedy trial. (Doc. 21) The last scheduled trial date was June 24, 2013. On that morning, Weese entered into a plea bargain with the State of Ohio. In exchange for guilty pleas to  the charge of third-degree-felony domestic violence and a reduced third-degree-felony  charge of abduction, the State agreed to dismiss the felonious-assault count. As part of the bargain, "[t]he parties would agree to a sentence of twenty-four months on count one [domestic violence, third degree felony] and eighteen months on count three [abduction] to run consecutive for a total of three-and-a-half years in the Ohio State Penitentiary." (Transcript at 3) The record reveals the trial court

completed a Crim.R. 11 colloquy with the defendant. He voluntarily entered his pleas and agreed to the terms of the agreement, orally and in writing. (Transcript 4-8) (Doc. 24) In imposing the agreed sentence, the trial court properly advised him of mandatory post-release control of three years, imposed court costs, and advised him that he could be ordered to perform community service if he failed to pay court costs.

### No Potential Assignments of Error

{¶ 4} In his brief, assigned counsel does not identify any potential assignments of error. He notes that there were no pretrial motions, there was no trial, and the trial court conducted a proper Crim.R.11 plea. Counsel does mention two issues we will address: (1) that the trial court did not make findings to impose consecutive sentences and (2) that Weese's family apparently believes he was pressured into entering a plea but the appeal is limited to the appellate record. We observe that with an agreed consecutive sentence the trial court is not required to make any findings, and that the record before us contains no support whatsoever for an argument that the plea was coerced.

{¶ 5} Ordinarily, R.C. 2929.14(C)(4) requires certain findings to be made before consecutive sentences can be imposed. However, the Ohio Supreme Court explicitly has held that "[a] sentence imposed upon a defendant is not subject to review under [R.C. 2953.08(D)] if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *State v. Porterfield*, 106 Ohio St.3d 5, 2005–Ohio–3095, 829 N.E.2d 690, ¶ 25. In addition, the court stated that "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular

sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *Id.* Therefore, not only were findings unnecessary, but the agreed sentence is not subject to appellate review. Any argument to the contrary lacks arguable merit and would be frivolous.

{¶ 6}   With regard to an implication that Weese's family believes his plea may have been coerced, we proceed only on the record presented to us. That includes all of the docket entries and the June 24, 2013 transcript of the "Plea and Disposition" before the trial court. There are no facts in this record to support any argument that Weese was coerced into making his pleas. Any argument about coercion lacks arguable merit and would be frivolous.

*Anders* Review

{¶ 7}   We also have performed our duty under *Anders* to conduct an independent review of the record. We thoroughly have reviewed the various filings, the written transcript of the plea colloquy, and the sentencing disposition. We have found no non-frivolous issues for review. Accordingly, appellate counsel's request to withdraw is sustained, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Ryan A. Saunders
Lucas W. Wilder
Joseph Weese
Hon. Douglas M. Rastatter