[Cite as *State v. Davis*, 2014-Ohio-5371.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case Nos. 13CA3589 |
| | | 13CA3593 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND |
| | | JUDGMENT ENTRY |
| JOSEPH B. DAVIS, | : | |
| Defendant-Appellant. | : | **RELEASED: 11/26/2014** |

APPEARANCES:

Joseph Davis, London, Ohio, pro se appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Jay Willis, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.

Harsha, J.

{¶1}    Joseph Davis entered into an agreement in which he pleaded guilty to illegal manufacture of methamphetamine within the vicinity of a juvenile, attempted burglary, and illegal possession of chemicals for the manufacture of drugs in return for the dismissal of other charges.  The Scioto County Court of Common Pleas imposed an agreed aggregate prison sentence of ten years, with six years of mandatory prison time.

{¶2}    In his first assignment of error, Davis asserts that the trial court erred when it imposed consecutive sentences without making the findings required by R.C. 2929.14(C).  Because Davis and the state agreed to and jointly recommended the imposition of consecutive sentences, review of the propriety of those sentences is precluded by R.C. 2953.08(D)(1).  Thus we reject Davis's contention.

{¶3}    In his second assignment of error Davis contends that he was denied the effective assistance of trial counsel because counsel did not first contact him until the

sentencing hearing and failed to investigate the case.  We reject this contention because Davis relies on allegations that are not supported by the record on appeal.

{¶4}    In his third assignment of error Davis claims that the trial court's coercive participation in the plea agreement process compromised his right to a fair trial.  The record reveals that the trial court did not coerce Davis to accept a guilty plea and that his plea was knowingly, intelligently, and voluntarily made.  Consequently, we deny his claim.

{¶5}    Therefore, we overrule his assignments of error and affirm the judgment entered by the trial court.

I. FACTS

{¶6}    In Scioto C.P. Case No. 12CR789, a Scioto County grand jury returned an indictment charging Davis with illegal manufacture of drugs or cultivation of methamphetamine within the vicinity of a juvenile, illegal possession of chemicals for the manufacture of drugs within the vicinity of a juvenile, burglary, obstructing official business, and possession of drugs/methamphetamine.  The trial court appointed counsel to represent him.

{¶7}    Upon request, the state submitted a bill of particulars that stated:

On or about the 2nd day of October, 2012, in the area of 57 Oakwood Avenue, Lucasville, Scioto County, Ohio, defendant was located by officers of the Southern Ohio Drug Task Force trespassing in the residence owned by victim Teddy Weeks, when someone was present or likely to be present.  Defendant was observed in the process of making methamphetamine inside the residence.  Upon being confronted by law enforcement, defendant made a threatening gesture and attempted to flee out the rear of the residence.  Items located by officers in the residence were an active pot of methamphetamine cook; a hydrogen chloride gas generator; mason jar containing ethyl ether; petroleum distillate; sulfuric acid; salt; lye; ammonium nitrate; coffee filters; tubing; spent lithium batteries with lithium removed; a punched star[t]ing fluid can; and a piece

of plastic containing methamphetamine.  Defendant committed the offenses within the vicinity of a juvenile.

{¶8}    After Davis failed to appear for a pretrial hearing, his attorney withdrew as his appointed counsel.

{¶9}    In Scioto C.P. Case No. 13CR553C, a Scioto County grand jury returned an indictment charging Davis with illegal possession of chemicals for the manufacture of drugs and aggravated possession of drugs.  The trial court appointed counsel, who filed a request for bill of particulars and demand for discovery.

{¶10}  The state filed a bill of particulars, which described the alleged offenses:

> On or about the 6th day of June, 2013 at Scioto Street, Lucasville, Scioto County, Ohio, defendants' vehicle was stopped for a headlight violation.  As the vehicle came to a stop, the driver, co-defendant Christina Dyke, and rear seat passenger, defendant Joseph Davis, fled on foot. Upon making contact with the remaining two passengers in the vehicle, co-defendant Johnathan Collins and co-defendant Sarah Manns, troopers observed in plain view in the vehicle a jar containing methamphetamine. A search of the vehicle revealed chemicals to manufacture meth, including lithium batteries, used coffee filters with white powder residue, corners of plastic baggies, a receipt for the purchase of starting fluid, receipts for the purchase of pseudoephedrine, a bottle of Liquid Fire, and a can of camping fuel, along with syringes and other paraphernalia.

{¶11}  The trial court held a pretrial conference in the foregoing cases, as well as a case involving Davis's failure to appear for the pretrial hearing in Case No. 12CR789. There, Davis was represented by his appointed attorney, and the parties indicated that they had engaged in plea negotiations in which the last offer was that Davis would enter a guilty plea to certain charges in return for the dismissal of the other charges and an agreed aggregate sentence of ten years, with six years mandatory and no agreement for judicial release.  The following discussion occurred at which Davis initially rejected the offer, but then reconsidered and accepted it:

MR. WISECUP:  * * * he's looking at 34 and a half years in prison if he's convicted.  At least, a third of that to a half of that would be mandatory time.  The State has offered Mr. Davis ten years today to resolve all three cases.  Six years, of which would be mandatory with no agreement regarding judicial release.  It's the State's understanding that Mr. Davis is not interested in that offer.  If that's the case today the State will take that off the table, and we will proceed to jury trial in these three cases.

THE COURT:  Sir, have you conveyed the offer to your client, Mr. Meadows?

* * *

MR. MEADOWS:  Your Honor, we've discussed this extensively today and I -- we've -- we've had different offers and different counter offers.  We've made different counter offers.  Mr. Davis' last counter offer was he would accept the ten years but get a judicial to Star after six, and the State has not agreed to that.  So at this point, I -- I don't know that we're anywhere other than setting it for trial.

THE COURT:  Okay.  Mr. Davis, do you understand the offer, sir?

DEFENDANT:  Yes, sir.

THE COURT:  Okay.  Ten years, mandatory six.  Okay.  And you're declining that offer, is that correct?

DEFENDANT:  I mean, I can't get out -- I can't get out to a Star Program after six?  I mean, he's saying --

THE COURT:  All—all I do is implement --

DEFENDANT:  Right -- right, sir.  I understand that.

THE COURT:  -- your agreement.  Okay.  If the State of Ohio and you can't come to an agreement, that's why we have trials.

DEFENDANT:  Right.

THE COURT:  And I can't tell you what I'm going to sentence you to if you're convicted.  I can't tell you that because I haven't heard the case.

DEFENDANT:  Right.  Right, sir.

THE COURT:  Okay.

DEFENDANT:  I mean --

MR. MEADOWS: He's -- he's not willing to make the offer at ten months to Star.

THE COURT:  If -- if you don't take this offer it[']s Mr.Kuhn's position that the offer only gets worse down the road.

DEFENDANT:  How -- I mean -- I mean, --

THE COURT:  It's just the way they operate.

DEFENDANT:  Can I ride out -- can I ride out tomorrow?  I mean, ride me out soon, because, listen, I'm -- I'm a wreck.  Yeah, I'll take it.  We'll take it.  Guilty.  But I ride out -- I ride out --

THE COURT:  Are you doing this of your own free will?  I mean --

DEFENDANT:  Yes, sir.  Yes, sir.  Nobody –

THE COURT:  Are you sure you want to do this?

DEFENDANT:  Yes, sir.  Yes, sir.

{¶12}  Davis executed written forms in which he specified that he understood that the maximum penalties for the three crimes that he was pleading guilty to were 11 years (illegal manufacture of drugs or cultivation of methamphetamine within the vicinity of a juvenile), 36 months (attempted burglary), and 36 months (illegal possession of chemicals for the manufacture of drugs) and waived his rights and pleaded guilty to the crimes.

{¶13}  The trial court engaged in a lengthy colloquy with Davis to determine that he was knowingly, intelligently, and voluntarily waiving his rights and pleading guilty.  In the discussion the trial court specified that the parties' plea agreement included the imposition of consecutive sentences, and Davis and his counsel admitted that this was their understanding of the agreement:

THE COURT:  The record will reflect we're here on * * * 12CR789 and 13CR553(C), both captioned State of Ohio versus Joseph Davis, with the understanding the failure to appear, 13-006, is to be dismissed.

It's the Court[']s understanding he's prepared to change his plea on 12CR789, on Count 1 Illegal Manufacture of Drugs for the Cultivation of Methamphetamine within the Vicinity of a Juvenile, that will be a felony of the first degree, in violation of 2925.04(A)/(C)(3)(B).  And also pleading to Count 3 Attempted Burglary, a felony of the third degree, and that's in violation of 2923.02 of the Revised Code.  On case number 13CR553(C), he's also changing his plea to Illegal Possession of Chemicals for the Manufacture of Drugs, a felony of the third degree, in violation of 2925.041(A).

*The record should further reflect it's a negotiated plea pursuant to Section 2953.08(D) * * * on case number 789, Count 1, he will receive a six year mandatory prison term, on Count 3, he will receive a one year non-mandatory prison term, and on 13-553(C), you're pleading to Count 1, and will receive a three year non-mandatory prison term, for an aggregate ten year prison term, all running consecutively with each other.*  As -- his driver's license has to be suspended, by law, for six month[s].  Mr. Meadows, [is] this your complete understanding, sir?

MR. MEADOWS:  It is, Your Honor.

THE COURT:  And Mr. Davis, your understanding, sir?

DEFENDANT:  Yes, sir.

THE COURT:  And you understand by proceeding in this fashion, sir, you're waiving your right to appeal?

DEFENDANT:  Yes, sir.

(Emphasis added.)

{¶14}  In accordance with the jointly recommended sentence, the trial court accepted Davis's plea and pronounced an aggregate sentence of ten years, with six years mandatory as follows:  a mandatory sentence of six years for illegal manufacture of drugs or cultivation of methamphetamine within the vicinity of a juvenile, 12 months for attempted burglary, and 36 months for illegal possession of chemicals for the

manufacture of drugs. The trial court specified that the sentences would be served consecutively with each other, although it did not make all of the requisite findings for doing so. The trial court subsequently issued judgment entries reflecting the sentence but did not include the statutory findings normally required to impose consecutive sentences.

{¶15} Davis appealed from the judgment entries, and his appeals were consolidated for purposes of decision.

## II. ASSIGNMENTS OF ERROR

{¶16} Davis assigns the following errors for our review:

1. The trial court erred when it imposed consecutive sentences without making the supported findings required of O.R.C. 2929.14(C)(4).

2. Defendant was denied his constitutional right to effective assistance of counsel as provided by the Sixth Amendment by assignment of court appointed counsel whose first contact with Defendant was at trial and who failed to investigate the case.

3. The trial judge's coercive participation in the plea agreement process compromised Defendant's right to a fair trial.

## III. LAW AND ANALYSIS

### A. Consecutive Sentences

{¶17} In his first assignment of error Davis asserts that the trial court erred when it imposed consecutive sentences without making the findings required by R.C. 2929.14(C)(4). In *State v. Brewer*, 2014-Ohio-1903, 11 N.E.3d 317, ¶ 33, we recently held that when reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). *Id.* ("we join the growing number of appellate districts that have abandoned the *Kalish* plurality's second step abuse-of-discretion standard of review; when the General Assembly reenacted R.C. 2953.08(G)(2), it expressly stated '[t]he

appellate court's standard of review is not whether the sentencing court abused its discretion"). *See also State v. Graham*, 4th Dist. Highland No. 13CA11, 2014-Ohio-3149, ¶ 31. R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that "the record does not support the sentencing court's findings" under the specified statutory provisions or "the sentence is otherwise contrary to law."

**{¶18}** Davis argues that his aggregate sentence is clearly and convincingly contrary to law because the trial court imposed consecutive sentences without making the findings required by R.C. 2929.14(C)(4). Under the tripartite procedure set forth in R.C. 2929.14(C)(4), to impose consecutive sentences the trial court had to find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) the court finds that one of the three circumstances specified in the statute applies. *See, generally, State v. Baker*, 4th Dist. Athens No. 13CA18, 2014-Ohio-1967, ¶ 35-36. The trial court is required to make these findings at the sentencing hearing and to incorporate its findings in its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

**{¶19}** It is undisputed that the trial court failed to make all of the requisite findings to impose consecutive sentences at the sentencing hearing. And it is also uncontroverted that the trial court did not incorporate these findings into its sentencing entries in the underlying cases.

**{¶20}** Nevertheless, the state claims that these findings were unnecessary because through his plea agreement, Davis agreed to the imposition of consecutive sentences for an aggregate prison sentence of 10 years, with 6 years mandatory, and R.C. 2953.08(D)(1) thus precludes review of his sentence on appeal.  If the sentence is contrary to law, a defendant who is convicted of or pleads guilty to a felony may appeal the sentence as a matter of right.  R.C. 2953.08(A)(4).  R.C. 2953.08(D)(1) provides an exception to the defendant's general right to appeal in felony cases by stating that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

**{¶21}**  "A sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions."  *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus.  When consecutive sentences are imposed pursuant to R.C. 2929.14(C)(4), review of the consecutive nature of the sentences is not precluded under R.C.2953.08(D)(1).  *See State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, paragraph two of the syllabus and ¶ 19-24.[1]  In *Underwood* at ¶ 19-20, the Supreme Court emphasized that jointly recommended sentences that do not comply with the mandatory requirements for consecutive sentences are not insulated from review by R.C. 2953.08(D)(1):

---

[1] The Supreme Court's decisions in *Underwood* and *Porterfield* refer to the consecutive-sentence findings requirements in former R.C. 2929.14(E)(4). Am.Sub.S.B. No. 86, which became effective on September 30, 2011 after the decisions in those cases, revived the language in former R.C. 2929.14(E)(4) and moved it to R.C. 2929.14(C)(4). *See State v. Salim*, 5th Dist. Delaware No. 14 CAA 01 0005, 2014-Ohio-3602, ¶ 80.

We begin with the meaning of "authorized by law." The term is not defined in R.C. 2953.08. Several courts of appeals have held that a sentence is authorized by law within the meaning of the statute simply if the sentence falls within the statutory range for the offense. * * *

We do not agree with such a narrow interpretation of "authorized by law." Adopting this reasoning would mean that jointly recommended sentences imposed within the statutory range but missing mandatory provisions, such as postrelease control (R.C. 2929.19(B)(3)(c)) or consecutive sentences (R.C. 2929.14(D) and (E) [now R.C. 2929.14(C)]) would be unreviewable. * * * Nor can agreement to such sentences insulate them from appellate review for they are not authorized by law. We hold that a sentence is "authorized by law" and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions. A trial court does not have the discretion to exercise its discretion in a manner that ignores mandatory statutory provisions. * * *

**{¶22}** If, however, the defendant stipulates to the propriety of the consecutive sentences, the sentencing judge need not independently justify the sentences. *See Porterfield*, at paragraph three of the syllabus ("Once a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence"). In *Porterfield*, the Supreme Court held that the findings now required by R.C. 2929.14(C) were unnecessary because the defendant stipulated in the written plea agreement the required statutory findings to justify imposition of consecutive sentences. *Id.* at ¶ 2, 7.

**{¶23}** In *State v. Deeb*, 6th Dist. Erie No. E-12-052, 2013-Ohio-5175, ¶ 9-11, the Sixth District Court of Appeals held that R.C. 2953.08(D)(1) did not preclude appellate review of the consecutive sentences if the defendant only agreed to the aggregate sentence, but not the imposition of consecutive sentences to achieve that sentence:

Reviewing the cases relied upon by the parties and our independent research of the issue, we find that Ohio courts have affirmed

the negotiated sentence where, in addition to the term of imprisonment, the defendant agreed to consecutive sentences. *See State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690; *State v. Berryman*, 2d Dist. Montgomery No. 20611, 2005-Ohio-2531; *State v. Cremeens*, 4th Dist. Vinton No. 06CA646, 2006-Ohio-7092.

In the present case, the plea form states that "defendant agrees to a ten-year prison term with three years mandatory." While it is true that appellant was sentenced to the agreed-upon term, the record is silent as to whether he agreed to be sentenced to consecutive terms. In fact, during the plea hearing the state indicated that appellant had been informed that "the counts can be ordered to be served concurrently or consecutively." At the July 26, 2012 sentencing hearing, the trial court stated * * * [that the terms] "would run consecutive for a total of the ten year sentence." Although the court certainly had the ability to sentence appellant to consecutive terms, because appellant did not consent to consecutive terms the court was first required to make the requisite statutory findings.

Accordingly, because the court failed to make the necessary statutory findings under R.C. 2929.14(C)(4), we find that appellant's first and sixth assignments of error are well-taken.

{¶24} Conversely, the trial court's detailed colloquy here establishes that the parties' plea agreement included Davis's and his trial counsel's stipulation to consecutive sentences. Under these circumstances, R.C. 2953.08(D)(1) insulated his sentences from review for compliance with R.C. 2929.14(C)(4). *Deeb*; *see also State v. Weese*, 2d Dist. Clark No. 2013-CA-61, 2014-Ohio-3267, ¶ 3-5 (court is precluded from reviewing propriety of consecutive sentences where defendant agreed to imposition of consecutive sentences); *State v. Jefferson*, 10th Dist. Franklin No. 12AP-238, 2014-Ohio-11, ¶ 3 ("a criminal defendant cannot legitimately pursue an appeal of a sentence to which he or she agreed in the trial court"). [2]

---

[2] In *State v. Miller*, 4th Dist. Pickaway No. 13CA5, 2014-Ohio-1803, a divided panel of this court recently held that the invited-error doctrine precluded a defendant from challenging the propriety of maximum, consecutive sentences because he was aware that these sentences could be imposed as part of his plea agreement. We note that the state does not request the application of this doctrine here so we need not consider it.

**{¶25}** Therefore, once Davis stipulated to the propriety of the imposition of consecutive sentences, the trial court did not need to independently justify them by making the findings normally required by R.C. 2929.14(C)(4). *Weese* at ¶ 5, citing *Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, at ¶ 25. Because review of the sentences is precluded by R.C. 2953.08(D)(1), we overrule Davis's first assignment of error.

B. Ineffective Assistance of Counsel

**{¶26}** In his second assignment of error, Davis claims that he was denied his constitutional right to the effective assistance of counsel because his attorney's first contact with him was at trial and he failed to investigate the case.

**{¶27}** To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 23. The defendant had the burden of proof because in Ohio, a properly licensed attorney is presumed competent. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62; *State v. Moore,* 4th Dist. Adams No. 13CA965, 2014-Ohio-3024, ¶ 25. Failure to satisfy either part of the test is fatal to the claim. *Strickland* at 697; *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989).

{¶28} Davis's claim of ineffective assistance of counsel is premised on his contention that his attorney did not contact him for the 104 days he was in jail on the pending charges, did not contact him until the plea and sentencing hearing, and did not investigate the facts of the underlying cases. However, the record before us does not support this claim. That is, there is nothing in the record establishing that his counsel did not contact Davis for 104 days when he was in jail on the pending charges, that he did not contact him until the August 14, 2013 plea and sentencing hearing, or that he did not investigate the facts of the cases. Insofar as Davis attempts to introduce new "evidence" in this appeal, it is axiomatic that " '[a] reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' " *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 179, quoting *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus.

{¶29} Moreover, the record that is before us refutes some of Davis's claims. His counsel was not appointed for Davis in Scioto C.P. Case No. 13CR553C until July 17, 2013, so his appearance on Davis's behalf at the August 14, 2013 plea and sentencing hearing occurred less than a month after his appointment, not after Davis was sitting in jail for 104 days. In the interim, Davis had filed a request for a bill of particulars and a demand for discovery from the state and had engaged in plea negotiations. At the hearing, Davis specified that he was satisfied with his attorney's efforts.

{¶30} Under these circumstances, Davis has failed to establish either that his attorney's performance was deficient or that his performance prejudiced him. We overrule his second assignment of error.

C. Trial Court Coercion

**{¶31}** In his third assignment of error, Davis asserts that the trial judge's

coercive participation in the plea-agreement process compromised his right to a fair

trial. In essence he claims that his plea was not voluntarily given because it was made

because of the trial court's coercion. " 'When a defendant enters a plea in a criminal

case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of

those points renders enforcement of the plea unconstitutional under both the United

States Constitution and the Ohio Constitution.' " *State v. Veney*, 120 Ohio St.3d 176,

2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527,

660 N.E.2d 450 (1996) An appellate court determining whether a guilty plea was

entered knowingly, intelligently, and voluntarily conducts a de novo review of the record

to ensure that the trial court complied with the constitutional and procedural safeguards.

*State v. Smith*, 4th Dist. Washington No. 12CA11, 2013-Ohio-232, ¶ 10.

**{¶32}** Davis does not contend that the trial court failed to comply with Crim.R.

11(C) by determining that his plea was knowingly, intelligently, and voluntarily made.

*See Veney* at ¶ 8 ("Crim.R. 11(C) governs the process that a trial court must use before

accepting a felony plea or guilty or no contest").

**{¶33}** Instead, he cites the trial court's isolated statement that explained that the

settled practice of the prosecutor's office was that if a defendant refused its plea offer,

there would not be a better offer in the future. "Although strongly discouraged by the

Ohio Supreme Court, a trial judge's participation in plea negotiations does not render a

defendant's plea invalid per se under the Ohio and United States Constitutions." *State

v. Jabbaar*, 2013-Ohio-1655, 991 N.E.2d 290 (8th Dist.), ¶ 26, citing *State v. Byrd*, 63

Ohio St.2d 288, 293-294, 407 N.E.2d 1384 (1980). Instead, "a trial judge's participation in the plea bargaining process must be carefully scrutinized to determine if the judge's intervention affected the voluntariness of the defendant's guilty plea." *Byrd* at 293. Generally, a plea is involuntary and unconstitutional "if the judge's active conduct could lead a defendant to believe he cannot get a fair trial because the judge thinks that a trial is a futile exercise or that the judge would be biased against him at trial." *Id.* at 293-294.

**{¶34}** Although we agree that the judge's comment might seem ill-advised, the solitary remark on the purported standard practice of the state's plea offers could not have led Davis to reasonably believe that he could not get a fair trial because the judge either suggested that trial would be futile or that he would be biased against him. In the context of the entire hearing, in which the judge repeatedly asked whether the plea was knowingly, intelligently, and voluntarily made, the isolated remark did not render the plea ineffective. This case is consequently distinguishable from those cases in which "strong-arm measures" were used by the trial judges to coerce plea agreements. *See Disciplinary Counsel v. Parker*, 116 Ohio St.3d 64, 2007-Ohio-5635, 876 N.E.2d 556, ¶ 13-22; *Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 4-20. We overrule Davis's third assignment of error.

## IV. CONCLUSION

**{¶35}** Accordingly, having overruled Davis's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & McFarland, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
    William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**