[Cite as *State v. Rue*, 2015-Ohio-4008.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 27622 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DARYL RUE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2014 06 1798 (C) |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2015

CARR, Presiding Judge.

{¶1} Appellant, Daryl Rue, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On June 30, 2014, the Summit County Grand Jury indicted Rue on a litany of criminal offenses, including multiple counts of aggravated murder as well as aggravated robbery and aggravated burglary. Rue pleaded not guilty to the charges at arraignment. Subsequently, the parties reached a plea agreement and Rue pleaded guilty to an amended count of voluntary manslaughter and one count of aggravated burglary, both felonies of the first degree. The remaining counts and specifications in the indictment were dismissed. Pursuant to the terms of the plea agreement, which included an agreed sentence, the trial court sentenced Rue to a ten-year prison term for each offense and ran the sentences consecutively for a combined prison sentence of 20 years.

{¶3}   On appeal, Rue raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY FAILING TO MAKE STATUTORY FINDINGS ON THE RECORD PRIOR TO IMPOSING CONSECUTIVE SENTENCES AS REQUIRED BY [R.C.] 2929.14(C)(4)(A),(B), OR (C) AND STATE V. BONNELL.

{¶4}   In his assignment of error, Rue contends that the trial court failed to make findings at the sentencing hearing in accordance with R.C. 2929.14(C)(4) prior to imposing consecutive sentences.  Rue relies on the authority of *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, for the proposition that his sentence is contrary to law and the matter must be remanded for a new sentencing hearing.  This Court disagrees.

{¶5}   As an initial matter, we note that the sentencing entry does contain findings in support of the imposition of consecutive sentences.  At the sentencing hearing, however, the trial court did not make findings in support of consecutive sentences due to the fact that it imposed the agreed sentence in accordance with the parties' plea agreement.

{¶6}   Rue correctly notes that the Supreme Court in *Bonnell* held that, "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings."  *Bonnell*, 140 Ohio St.3d 209, at syllabus.  However, "[w]hile *Bonnell* reaffirmed that trial courts are required to make the findings mandated by R.C. 2929.14(C)(4) prior to imposing consecutive terms of imprisonment, *Bonnell* only involved a negotiated plea agreement, not an agreed sentence." *State v. Pulliam*, 4th Dist. Scioto No. 14CA3609, 2015-Ohio-759, ¶ 10, citing *Bonnell* at ¶ 9.  In a case such as this where the negotiated plea agreement included an agreed sentence that was

imposed by the trial court, "*Bonnell* is factually distinguishable and does not control the outcome of the [] case." *Pulliam* at ¶ 10; *see also State v. Savage*, 12th Dist. Madison Nos. CA2014-02-002, CA2014-02-003, CA2014-03-006, CA2014-03-007, 2015-Ohio-574, ¶ 34. The Second District has similarly recognized that while R.C. 2929.14(C)(4) ordinarily requires certain findings to be made prior to the imposition of consecutive sentences, the Supreme Court of Ohio "explicitly has held that '[a] sentence imposed upon a defendant is not subject to review under [R.C. 2953.08(D)] if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *State v. Weese*, 2d Dist. Clark No. 2013-CA-61, 2014-Ohio-3267, ¶ 5, quoting *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 25; *State v. Davis*, 4th Dist. Scioto Nos. 13CA3589, 13CA3593, 2014-Ohio-5371, ¶ 24.

{¶7} In light of the terms of the plea agreement, the trial court did not err in imposing consecutive sentences in this case. A review of the transcript from the plea colloquy reveals that the assistant prosecutor stated that the parties had reached a plea agreement that included an agreed sentence. Defense counsel stated that "we are going to join in the recommendation for the ten years consecutive on each count understanding that it will be a 20-year term." The trial judge then informed Rue that she was required to inform him of the maximum possible sentences but "I'm telling you I will go with the negotiated plea." Rue indicated on the record that he understood. When the matter proceeded to sentencing, the trial court stated, "All right. I told you in the beginning I would follow the plea negotiations, and I will." The trial court then imposed consecutive ten-year sentences pursuant to the plea agreement for a total sentence of 20 years. Rue is now prohibited from challenging the legality of his sentence as it was authorized under the law, recommended jointly by the prosecution and the defendant, and duly imposed by

the trial court. *See Porterfield*, 2005-Ohio-3095, ¶ 25; *State v. Mangus*, 9th Dist. Summit No. 23666, 2007-Ohio-5033, ¶ 8. Moreover, because Rue was sentenced pursuant to a negotiated plea agreement that included an agreed sentence, the trial court did not err by failing to make findings pursuant to R.C. 2929.14(C) at the plea hearing. *Pulliam* at ¶ 12.

{¶8} The assignment of error is overruled.

III.

{¶9} Rue's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

MICHAEL B. WASHINGTON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.