[Cite as *State v. Long*, 2017-Ohio-4421.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.    28214 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| NATHAN LONG | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 2015 04 1302 |

DECISION AND JOURNAL ENTRY

Dated: June 21, 2017

SCHAFER, Judge.

{¶1}    Defendant-Appellant, Nathan Long, appeals the judgment of the Summit County Court of Common Pleas sentencing him to a mandatory 15-year term of imprisonment.  We affirm.

I.

{¶2}    On May 4, 2015, the Summit County Grand Jury indicted Long on six counts of rape in violation of R.C. 2907.02(A)(1)(b), a first-degree felony, and three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), a third-degree felony.  Long pleaded not guilty to all counts contained in the indictment and the matter proceeded through the pretrial process.

{¶3}    Following extensive plea negotiations with the State, Long ultimately withdrew his not guilty pleas and pleaded guilty to three counts of rape in violation of R.C. 2907.02(A)(1)(b), as amended to reflect that the perpetrator was under 16 years of age and that the victims were under 13 years of age.  The trial court accepted Long's guilty pleas.  In

exchange for Long's guilty pleas, the trial court dismissed the remaining counts in the indictment on the State's recommendation. As part of the plea agreement, which included an agreed sentence, the trial court sentenced Long to a mandatory term of five-years in prison on each count of rape to which he pleaded guilty, with those sentences to be served consecutively for a total of 15 mandatory years in prison. The trial court also sentenced Long to a mandatory term of five years post-release control and ordered that he be adjudicated a Tier III sex offender.

{¶4} Long subsequently filed a motion for leave to file a delayed appeal, which this Court granted. Long raises two assignments of error on appeal for this Court's review. To facilitate our analysis, we elect to address both assignments of error together.

II.

**Assignment of Error I**

**The trial court erred in determining that a mandatory sentence was required to be imposed on Appellant on the charges of rape.**

**Assignment of Error II**

**The trial court erred in imposing consecutive sentences by not considering mitigating circumstances on Appellant's behalf or stating its reasons for the consecutive sentences.**

{¶5} In his first assignment of error, Long argues that the trial court erred by imposing a mandatory sentence on each rape conviction. In his second assignment of error, Long contends that the trial court erred by ordering his sentences be served consecutively without first making the requisite findings under R.C. 2929.14(C)(4). We disagree with both arguments.

{¶6} In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that either: (1) "the record does not support the trial court's findings under relevant

statutes," or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶7} Generally, in order to impose consecutive terms of imprisonment, a trial court is required to make the statutory findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and to incorporate its findings into its sentencing entry, although it has no obligation to state reasons to support its findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. However, while R.C. 2929.14(C)(4) ordinarily requires the trial court to make certain findings prior to imposing consecutive sentences, the Supreme Court of Ohio has explicitly held that "'[a] sentence is not subject to review under [R.C. 2953.08(D)] if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by the sentencing judge.'" *State v. Rue*, 9th Dist. Summit No. 27622, 2015-Ohio-4008, ¶ 6, quoting *State v. Weese*, 2d Dist. Clark No. 2013-CA-61, 2014-Ohio-3267, ¶ 5, quoting *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 25; *see also State v. Davis*, 4th Dist. Scioto Nos. 13CA3589, 13CA3593, 2014-Ohio-5371, ¶ 23-24.

{¶8} A review of the transcript from Long's change of plea hearing reveals that the prosecutor informed the trial court that in exchange for Long's guilty pleas, the parties had "an agreed recommendation to the Court for a prison sentence, which * * * is in the range of 15 years." The prosecutor later clarified that the agreed sentence was exactly 15 years in prison. Defense counsel subsequently stated on the record that the plea agreement and sentence recommendation was the product of several months of negotiations. Although defense counsel initially disputed that the rape statute required the trial court to impose a mandatory sentence,

defense counsel ultimately stated that he and Long were "accepting that fact that this will be a * * * mandatory sentence." The trial judge then advised Long of the applicable sentencing range for first-degree felony offenses, but stated, "I don't intend to trick you, I will follow the recommendation and the agreement between the state and your attorney" so long as Long did not violate the terms of his bond. Long indicated on the record that he understood. When the matter proceeded to sentencing, the trial court stated, "Mr. Long, it was a negotiated plea here, I stick to that" and sentenced Long to three consecutive mandatory five-year sentences, which is within the sentencing range set forth in R.C. 2929.14(A)(1). Moreover, pursuant to R.C. 2929.13(F)(2), a rape conviction carries a mandatory prison term "whereby the defendant is ineligible for judicial release." *State v. Nian*, 5th Dist. Delaware No. 15CAA070052, 2016-Ohio-5146, ¶ 43; *see also State v. Nerghes*, 9th Dist. Medina No. 03CA0049-M, 2004-Ohio-1235, ¶ 42. As Long's sentence was authorized under law, recommended jointly by the State and Long, and was duly imposed by the trial court, Long is now prohibited from contesting the legality of his sentence. See *Porterfield* at ¶ 25; *State v. Mangus*, 9th Dist. Summit No. 23666, 2007-Ohio-5033, ¶ 8. Accordingly, Long has not demonstrated error on appeal.

{¶9} Long's first and second assignments of error are overruled.

III.

{¶10} With both of Long's assignments of error having been overruled, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MARIA V. COPETAS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.